No. 62.—CHEESEBOROUGH, STEARNS & Co. plaintiffs in error, vs. GARRETT VAN NESS, defendant in error.

[1.] In this State, Sunday is not a day for the transaction of judicial business, and where a day was appointed to hear the application of an insolvent debtor, which by mistake, fell on Sunday : *Held,* that the case would necessarily stand over until Monday, the next working day, without any formal meeting and adjournment of the Court for that purpose.

[2.] Notice by an insolvent debtor to his non-resident creditors, addressed to the attorney of such creditors, stating for which of them he is such attorney, is a sufficient notice under the Statute.

[3.] A published notice to non-resident creditors by an insolvent debtor, when the name of the latter is inserted in the body of it, is sufficient, although the name of the applicant nor his attorney is appended to it; but it would be more formal and regular, for the notice to be signed either by the applicant or his attorney.

*Certiorari,* in Richmond Superior Court. June Term, 1852. Decided by Judge STARNS.

The defendant in error, on the 10th of January, 1852, applied to the Judge of the Court of Common Pleas, of Augusta, for an order to be brought before the said Judge, on a day to be appointed, and to notify his creditors of such day, that he might take the benefit of the several Acts of this State, for the relief of insolvent debtors, upon his compliance with the terms of those Statutes. This order was granted, and the 14th day of March, appointed for bringing up the defendant for the purpose aforesaid. The 14th day of March falling upon Sunday, Judge *Gould,* the Judge of the said Court, adjourned the Court to the next day, Monday, and an order to this effect was entered upon the Minutes. On Monday, the case was again adjourned to the 18th of March. The plaintiffs in error and petitioners in *certiorari,* then appeared and objected to the further proceedings of the Court, under the original order :

1. Because it appointed Sunday for a hearing, and was therefore void.

Cheeseborough, Stearns & Co. *vs.* Van Ness.

2. Because it was in the nature of a *habeas corpus*, and it did not appear that the defendant was brought up on the day fixed, as by the Sheriff's return it ought to appear, nor was he then in fact brought up.

3. Because the adjournment of the Court on Sunday, was a void act.

All which objections were overruled by the Court. In the further progress of the cause, notices on the creditors, in pursuance of the Statute, were offered to be proved. It was objected that the notices thus offered, were addressed to the attorneys of the respective plaintiffs, naming the plaintiffs, when this ought to have been addressed to the plaintiffs themselves, who lived out of the State, and served on the attorneys. This objection was overruled. It was then objected that the notices served were addressed to the attorneys, as the attorneys of many creditors, when in fact, they were only attorneys for a portion of those named. The Court ruled that the notices were good as to those plaintiffs for whom the persons served were attorneys, but not as to any others.

Upon the question for which of the plaintiffs he was attorney, or whether attorney for any, John K. Jackson, Esq. objected to making any answer. The Court ruled that he could be required to answer, and he then answered, objecting to the decision. A printed notice to those creditors living out of the State, who had no known attorney here, was then offered in evidence, and shewn to have been duly published. The plaintiffs objected that the notice was not signed by the defendant or his attorney. The Court ruled the notice to be sufficient. Exceptions were taken to these various rulings of the Court, and a writ of *certiorari* to the Superior Court sued out. The return to the said writ notes the fact of the cause, and the decisions of the Court of Common Pleas, as above set forth; and on the hearing of the return, Judge *Starns'* refused to sustain the writ.

Exceptions were filed to Judge *Starns* decision, and error assigned thereon.

JOHN C. SNEED, for plaintiffs, contended :

1. That Sunday is a *dies non*, and that all judicial acts, or orders requiring their performance on that day, are void; and that the opening of a Court on that day, and adjourning to another, is a judicial act, and cites, 3 *Burr*. 1595. 2 *Inst*. 264. 3 *Blackstone*, 275, 78. 11 *Serg. and Rall*. 394. 3 *Ibid*, 48. 2 *Storb. R*. 508. 4 *Ibid*, 486. 1 *Cowen*, 209. 20 *Johns. R*. 140. 8 *Ibid*, 291. 2 *Penn. R*. 232. 8 *East*. 447. 1 *Salk*. 78. 1 *Tidd's Prac*. 173. 4 *Barnwell*, 288. 1 *Ld. Ray*. 706. 1 *Strange*, 387. *Jacob's L. D. Dies*. 1 *Inst*. 135. 3 *Ch. Prac*. 75, 104-5-6. 8 *Cowen*, 27, 29. 1 *Plow*. 265. *Cobb's Dig*. 853-4. *Ibid*, 721. 5 *Kinne's Comp*. 230. 6 *Ibid*, 233. 8 *Ibid*, 219. 9 *Ibid*, 239, 40.

2. An order of a Judge, for bringing up from prison, an applicant for the benefit of Insolvent Laws, is in the nature of a *habeas corpus*, and the presence of the prisoner under return of the officer having him in custody, at the time and place designated by the order, is a pre-requisite to any action under the petition. 1 *Tidd's Prac*. 188, 350, 352, 353, 481, *a*.

3. Notices by applicants for the benefit of the Insolvent Laws, should be addressed to their several creditors, and not to their attorneys; nor to an attorney for a number of creditors, having no privity with each other, and for many of whom the attorney served is not attorney.

Public notice should purport to be given by the applicant, or some one for him and signed as such. *Act of* 1801, *page* 379. 1809, 383, *and* 1823, 387. *Cobb's Dig*.

4. An attorney at law cannot be compelled, nor will he be permitted to testify (or state in his place as attorney, as to any matter or thing, either for or against his client,) the knowledge of which he may have acquired from his client, or during the existence, or by reason of the relationship of client and attorney. *Laws Geo. Pamph*. 1849-50, *page* 46. *Cobb's Dig*. 280. 10 *Kinne's Comp*. 16.

Montgomery, for defendant in error, submitted:

The points to be considered in the argument of this case may be arranged as follows:

1. Is Sunday a *dies non juridicus* in Georgia? And if so, to what extent?

2. Is it necessary that there should be a return by Sheriff or jailer, upon an order of Court for bringing an insolvent before the Court, to take the benefit of the Act. If no such return is made, does that fact vitiate the whole proceeding?

3. What is a sufficient notice to creditors, of the intention to apply for the benefit of the Act?

4. Is it contrary to the law of Georgia, to compel an attorney to state in his place, for whom he is attorney?

As to the first point, if Sunday is a *dies non* in Georgia, it is so by the Common Law, as here adopted, or by a Statute of our own.

*a.* It is certain that the English Common Law regards it as *dies non*, recognizing, as it does, the Christian religion as part of itself. 10 *Mass* 313, *n. opinion of Bailey, J.* 1 *Taunt.* 131. 1 *Tidd's P.* 48. The principal English Statutes, recognizing and enforcing the Christian religion, as part of the law, are 27 *Hen.* 6. 2 *and* 3 *Edw.* 6. 5 *and* 6, *Ibid.* 1 *Jas.* 1. 3 *Ibid.* 3 *Car.* 1. 29 *Ibid,* 2. See also *Stra.* 702. 4 *Bl.* 64.

*b.* But it is only the tenets held by the Church of England, which the law recognizes, *Ld. Ray.* 995-4. 6 *Mod.* 81. 4 *Barn. and Ald.* 288. Our Adopting Act (" Revival Act") then, could not have included the Christian religion. *Schely's D. Preface, p.* 26-7. 1 *Kelly,* 605.

*c.* If the Adopting Act did include the Christian religion, it was superseded both by the Constitution of the United States and of Georgia and all Acts passed subsequent to them, tending to make the Christian religion part of the law, are void to that extent. 1*st Amendment, Con. U. S. Art* 4, §10. *Cow. Ga.*

But admitting that the English Law, with regard to *dies non juridici* has been adopted to its fullest extent in Georgia, yet, the proceedings had before the Court of Common Pleas were regular. 1 *Bl. R.* 496. 8 *Cow.* 29. 3 *Bl. C.* 276-7. 1

*Tidd's P.* 188.    *Ibid,* 122. 2 *Salk.* 626-7. *Swann vs. Broome,* 3 *Bur.* 1595.   1 *Barn. and Ald.* 528.    4 *Strob.* 486.

As to second point, there was no necessity for a return upon the order to bring Van Ness; if there was, it could be made *nunc pro tunc*; if the order, as insisted, is analagous to *habeas corpus,* it does not lie in the mouth of *imprisoning* party to object to want of return.

As to third point: 1. Notice to the attorneys.   5 *Ga.* 545-6. 1 *Pet. R.* 683.   6 *Ga.* 49.   1 *Vern.* 286-7.   5 *Halst.* 247.   3 *Penn.* 77.   4 *Pick.* 28.    *Leake vs. Marchie, Cameron and Norwood,* (*C. Conference,*) 32.

2. Notice by publication.   12 *Wend.* 57.   *Cobb's D.* 380.   1 *Call.* 443.   7 *S. and R.* 172.   7 *Johns.* 207. 4 *Cow.* 60.   2 *Rawle,* 304.   8 *U. S. D.* (2 *Annual,*) 288, *referring to Gary vs. May,* 16 *Ohio,* 66.   *Hardin,* 28.   1 *Johns.* 143.

As to fourth point, see *Cobb's D.* 280.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The first objection made to the ruling of the Court below, which we shall notice, is that relating to the adjournment of the Court on Sunday. The Judge of the Court of Common Pleas, for the City of Augusta, through mistake, appointed the 14th day of March, which was Sunday, to hear the insolvent debtors application to take the benefit of the several Acts of this State, for the relief of honest debtors. On Sunday the Court met, and adjourned over until the next day, doing *no other business.* The argument for the plaintiffs in error is, that the adjournment of the Court on Sunday is void, that not being a day on which any judicial business can be transacted; and consequently, all the subsequent proceedings of the Court relating to the insolvent debtor, are also void. In a recent case decided at Decatur, (which has not yet been reported,) we held, that according to the provisions of our Provincial Statute of 1762, (*Cobb's Dig.* 853,) Sunday was not a day for the transaction of judicial business. The Judge of the Court of Common Pleas, having ap-

Cheeseborough, Stearns & Co. vs. Van Ness.

pointed the 14th day of March to hear the insolvent's application, and that day being Sunday, the hearing of the application would necessarily be postponed until Monday, the next working day, without the meeting and adjournment of the Court for that purpose; therefore, if we consider the meeting and adjournment of the Court on Sunday, as a *mere nullity*, the result is the same, as no act was done by the Court on that day, prejudicial to the rights of the plaintff in error.

[2.] The notices being addressed to the attorneys of the nonresident creditors, stating the names of the creditors for whom they were attorneys therein, was in our judgment, a substantial compliance with the Statute.

[3.] The printed notice which was published, had the name of the applicant stated in it, although not signed by him or his attorney. Perhaps it would have been more formal and regular, for the name of the applicant to have been appended to the notice; but still, we think there was no error in the Court below, in holding it sufficient. We are inclined to give a liberal construction to the Statutes in favor of the liberty of the citizen. *Malendy vs. Hungerford*, 5 *Georgia Reps.* 544. As it appears from the return before us, there was no error in the Court, in asking the attorney which of the creditors he represented before the Court, and in requiring him so to state. It was a proper question for the Court to ask of the attorney, and one which the Court had the right to have answered, for the purpose of having the case properly conducted before it.

Let the judgment of the Court below be affirmed.