## PETTY *v.* STATE.

Opinion delivered June 3, 1893.

*Sunday—Keeping open store.*

> Keeping open a butcher shop and selling meats and vegetables from it on Sunday is a violation of Mansfield's Digest, sec. 1887, as amended by act March 2, 1885, imposing a fine on "every person who shall, on Sunday, keep open any store or retail any goods, wares and merchandise."

Appeal from White Circuit Court.

GRANT GREEN, JR., Judge.

The appellant *pro se.*

The word *store* has a well defined and understood signification, which is broader than the word *shop.* The words are not synonymous. See 45 Ark. 348; 25 Am. Rep. 646; 19 N. H. 135; 29 Ala. 651; 2 Am. Cr. Rep. 470; 3 Cr. Law. Mag. 640. The legislature never made it a crime to keep open a *shop*, unless it was *in fact* a store.

*James P. Clarke*, Attorney General, for appellee.

In common parlance "shop" and "store" mean about the same thing. See Webster, Int. Dic.; Anderson, Law Dic.; 14 Gray, 378; 15 *id.* 199; Browne, Jud. Int. Words. Our statute requires that words shall be taken in their common acceptation. 56 Ark. 386.

Powell, J. At the January term, 1893, the appellant, N. B. Petty, was indicted by the grand jury of White county, charged with the crime of Sabbath breaking by keeping open a store on the 12th day of June, 1892, in said county, and upon trial was found guilty, and appealed to this court.

The evidence of the only witness shows that the appellant, in the year 1892, was engaged in selling meats and also vegetables in their season ; that he occupied a latticed building which had doors and locks thereon ; that witness was in the employ of appellant ; that he helped appellant sell meats and vegetables for about three months in the summer of the year 1892 ; and that the shop was open every Sunday during that time. The place is designated by witness as a butcher shop.

It is contended by counsel for appellant that the keeping open this shop does not come within the inhibition of the statute (sec. 1887 Mansfield's Digest, as amended by the act of the General Assembly, March 2, 1885), which is as follows : ''Every person who shall, on Sunday, keep open any store or retail any goods, wares and merchandise, or keep open any dram shop or grocery, or who shall keep the doors of the same so as to afford ingress or egress, or retail or sell any spirits or wine, shall, on conviction thereof, be fined in any sum not less than twenty-five dollars, nor more than one hundred dollars.''

Webster's International Dictionary gives the following definitions to ''shop'' and ''store:'' ''Shop. A building or an apartment in which goods, wares, drugs, etc., are sold by retail. Synonymous with store, warehouse.'' ''Store. Any place where goods are sold, whether by wholesale or retail ; a shop.'' Anderson's Dictionary of Law gives the following definition of shop: ''A place kept and used for the sale of goods. In this country shops for the sale of goods are fre-

quently called stores." Rapalje & Lawrence's Law Dictionary defines store as synonymous with shop. These definitions are supported by the Supreme Court of Massachusetts in the cases of the *Commonwealth* v. *Riggs*, 14 Gray, 378; *Commonwealth* v. *Annis*, 15 Gray, 199. *Barth* v. *State*, 18 Conn. 432; *Wilson* v. *State*, 24 *id.* 57; Browne's Judicial Interpretations, under the word "shop," page 419.

According to these definitions, the names "shop" and "store" may be used interchangeably, and although the indictment charges the appellant with keeping open a store and the witness denominates it a butcher shop, in common parlance the meaning is the same. The evidence shows the place kept open and called a shop by the witness was a place kept for the sale of meats and vegetables, which are merchandise when kept for sale; and the second clause of the statute, "or retail any goods, wares or merchandise," taken in connection with the first clause, shows that the word store, the keeping open of which is prohibited, is that place where goods, wares and merchandise are sold. We therefore hold that the place kept open, as shown by the evidence, comes within the inhibition of the statute, and affirm the judgment.

Mansfield, J., dissents.