RHODES *v.* HOPE.

Opinion delivered July 12, 1926.

1. SUNDAY—SALE OF GASOLINE.—Under a municipal ordinance prohibiting the sale of goods, wares and merchandise on Sunday, the sale of gasoline to physicians, officers, tourists and patrons of defendant's garage is not within the exception allowing sales in cases of necessity or charity.

2. SUNDAY—BURDEN OF PROVING NECESSITY.—In a prosecution for selling gasoline on Sunday in violation of a city ordinance, the burden is on the defendant to bring himself within the exception in cases of sales for charity or necessity.

Appeal from Hempstead Circuit Court; *J. H. McCollum,* Judge; affirmed.

*Steve Carrigan,* for appellant.

*U. A. Gentry* and *J. D. Montgomery,* for appellee.

HUMPHREYS, J. Appellant was convicted in the mayor's court of Hope for violating a Sunday closing ordinance which prohibited, under penalty, the sale of goods, wares, and merchandise on the Sabbath day, except for charity or necessity. It was subsequently provided in the ordinance that charity or necessity on the part of the consumer might be shown in justification of such sales. The cause was appealed to the circuit

court of Hempstead County, where the jury was instructed to return a verdict of guilty upon the testimony adduced in the trial of the cause, which was accordingly done. From the consequent judgment of conviction an appeal has been duly prosecuted to this court.

The record reflects that appellant conducted a filling station in Hope, which he kept open on the Sabbath day to dispense gasoline to physicians, officers of the law, tourists, and patrons of his garage, which he ran in connection with the filling station. Before selling gas to these persons, he required each one to sign a statement that it was necessary for him to have it, and then only sold to the ones he believed signed the statement in good faith. The record does not show the particular circumstances under which the sales were made. In fact, no effort was put forth to show that the sales were made on account of unavoidable emergencies, bringing them within the rule of necessity in Sunday observance statutes.

Appellant contends for a reversal of the judgment on the theory that, this being the motor age, the sale of gasoline on Sunday is an inherent, essential, and vital necessity. It will be observed that the ordinance does not attempt to exempt from its provisions any particular commodity. It does not pretend to except the sale of gasoline from the penalties imposed. On the contrary, it penalizes one who sells any goods, wares, and merchandise on Sunday. The exception in the ordinance is that "charity or necessity on the part of the customer may be shown in justification of the violation of this ordinance." Food is as essential to the life of man as gasoline is to the activity of an automobile, yet this court ruled, in *Petty* v. *State*, 58 Ark. 1, 22 S. W. 654, that it was unlawful to keep a butcher shop open on Sunday for the purpose of selling meats and vegetables. It has never been the law in this State that one can sell gasoline on Sunday, within the meaning of Sunday restrictive laws, because automobiles are generally and almost universally used for traveling upon its highways.

Appellant also contends for a reversal of the judgment upon the theory that the exemption clause in the ordinance allowing sales of goods, wares, and merchandise in cases of necessity included sales to physicians, officers, tourists, and persons who kept automobiles in appellant's garage over night. This court had an exemption clause of this character in a Sunday restrictive law before it for construction in the case of *State* v. *Goff,* 20 Ark. 290, and in construing the clause said: "The husbandman should look forward to the ripening of his grain as an event which must happen, and should make such timely provision for the harvest as not to violate the Sabbath. This is a duty enjoined alike upon the poor and the rich." The classes referred to above were not within the exception of the necessity clause contained in the ordinance, and no such emergency was shown by the testimony as brought them within the exception, so appellant violated the Sabbath by selling them gasoline on Sunday. The undisputed testimony disclosed a violation of the ordinance by appellant, hence the court did not err in peremptorily instructing a verdict of guilty. The burden was upon appellant to bring himself within the exception. The judgment is affirmed.