## WILLIAMS *v.* THE STATE.

No. 6148. SEPTEMBER 26, 1928.

*H. A. Boykin,* for plaintiff in error.
*J. H. Howard, solicitor,* contra.

RUSSELL, C. J. Section 416 of the Penal Code provides that "Any person who shall pursue his business, or the work of his

ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." The Court of Appeals desires instruction upon the following question: "In the light of modern-day methods of travel by automobile, the motor-power of which is derived from the use of gasoline, and in the light of the present-day use to which automobiles are put, is the sale of gasoline on the Sabbath a 'work of necessity' as contemplated by section 416 of the Penal Code of Georgia?" In view of the fact that we shall answer this question in the affirmative, it becomes unnecessary to answer the second question. It will be noted that the first question is qualified and largely based upon the words, "in the light of modern-day methods of travel by automobile," and in answering the question in the affirmative we have been largely influenced by the qualification in the question to which we have just referred. Aside from any discussion of the controlling reasons for the setting apart of one day in the week as a day of rest and the question as to whether in a land which boasts of its religious freedom it is within the purview of legislation to ordain that one particular day rather than another shall be that day of rest, thus giving preference to those religionists who observe the first day of the week rather than to those who, following the phraseology of the fourth commandment, observe the seventh day of the week rather than the first, we come to consider the only exception to the rule announced in section 416 of the Penal Code. The statute excepts works of necessity or charity from the penalty imposed upon any person who pursues his business on the Lord's day. Bearing in mind modern-day methods of traveling by automobile, the motive-power of which is derived from the use of gasoline, and in the light of the present-day use to which automobiles are put, and comparing these factors in the question with the long period of time which elapsed before the invention of the automobile, we are of the opinion that, under the application of even ancient rules, the sale of gasoline to a traveler on the Sabbath day, who intends to continue his journey and for whom it is impossible to proceed without gasoline, must be a work of necessity. Even under the strictness of the Mosaic law, travel on Sunday was not prohibited, though a limit was prescribed for a Sabbath day's journey, and a "Sabbath day's journey" was not

restricted in its purposes to worship or charity. A Sabbath day's visit might be paid as a mere matter of innocent pleasure.

An early case very similar in principle to that presented by the question now before us was where the defendant was prosecuted for furnishing food on Sunday for the team of the owner whose live stock needed feeding in order to pursue the journey. This court held that the statute which was in the same language at that time as at the present did not forbid such feeding, and that the sale of the provender for the live stock was an act of necessity and an exception to the general inhibition forbidding one to pursue his business and ordinary calling on the Lord's day.

The word "necessity," as defined in 37 Cyc. 552, is "not the physical and absolute necessity, but the moral fitness and propriety of the work done under the circumstances of each particular case." From this it would seem to follow that whether an act shown to have been committed, and alleged to be criminal because in violation of the Sunday law, came within the exception provided for acts of necessity would be a question of fact to be determined by a jury. Statutes similar to section 416 are in force in other States, and the only difficulty which has arisen in the construction of the exceptions made for works of necessity or charity appears to have been based upon differences of opinion as to what constitutes works of necessity. All the courts are agreed that statutes providing a day of rest are constitutional, and that they should be liberally construed so as to effectuate the purpose intended; but frequently it is hard to determine whether the particular act under investigation is really a work of necessity, and this has induced the courts generally, when there was reasonable doubt whether the work was or was not one of necessity, to treat the question, as we think quite properly, as one of fact and determine it according to the facts of each particular case. As said by Judge Carroll in McAfee v. Commonwealth, 173 Ky. 83 (190 S. W. 671, L. R. A. 1917C, 377), in defining the "necessity" which will relieve one doing work of his ordinary calling from the penalty of the law, "It is also well settled by the current authority that the necessity that will excuse engaging in work or business on the Sabbath day need not be a physical necessity or an imperative or overpowering necessity. It need be only a reasonable necessity and one that is created by some real or unexpected emergency or uncommon or ex-

traordinary condition. The fact that the failure to do something may cause interruption or delay in the ordinary course of business, or some discomfort or inconvenience to the individual affected or the public, will not make the doing of the thing a work of necessity. It must be something that not to do would work severe hardship or loss or unusual discomfort or inconvenience either to the individual who does the thing complained of or to the person or persons for whom he does it. Commonwealth v. White, 190 Mass. 578, 5 L. R. A. (N. S.) 320 [77 N. E. 636]; Quarles v. State, 55 Ark. 10, 14 L. R. A. 192 [17 S. W. 269]; Western Union Telegraph Co. v. Yopst, 118 Ind. 248, 3 L. R. A. 224 [20 N. E. 222]; State v. James, 81 S. C. 197, 16 Ann. Cas. 277 [62 S. E. 214, 18 L. R. A. (N. S.) 617, 128 Am. St. R. 902]; City of Gulfport v. Stratakos, 90 Miss. 489, 13 Ann. Cas. 855 [43 So. 812]; Burns v. Moore, 76 Ala. 339, 52 Am. Rep. 332; Pate v. Wright, 30 Ind. 476, 95 Am. Dec. 705. It is also true that conditions and emergencies are continually arising that make it necessary to engage in work or business on Sunday either for the benefit of the person actually engaged in the work or business or for the benefit of some other person affected by the condition or emergency." In other portions of this decision attention is called to the changed and ever-changing conditions in customs and habits of the people, and it is said: "But to meet the demands of new conditions and changing modes and habits of life, the scope and operation of the statute is constantly broadening, so that it may reach out and be applied to these new conditions as they come up, and yet not depart from the rule that nothing short of necessity will excuse the doing of the work or business on the Sabbath day."

The rule which has frequently been reiterated in our sister State of South Carolina is: "It is impossible to state in the form of a legal proposition the degree of need or inconvenience which would amount to necessity. . . Necessity is an elastic term. It does not mean that which is indispensable, but it means something more than that which is merely needful or desirable." Charleston Oil Co. v. Poulnot, 143 S. C. 283, 295 (141 S. E. 454, 458). The Supreme Court of Arkansas, in Rhodes v. City of Hope, 171 Ark. 754 (286 S. W. 877, 47 A. L. R. 1104), held that the sale of gasoline is not such "necessity" as to be permissible on Sunday within the meaning of Sunday restrictive laws. Thus it will be

observed that while a majority of the courts hold that the question of necessity is one of fact for the jury, it has been held to the contrary, as in the Arkansas case just cited.

We have cited the foregoing cases, and we might cite a number of Georgia decisions on the provision of our Penal Code now under consideration, such as *Arnheiter* v. *State,* 115 *Ga.* 572 (41 S. E. 989, 58 L. R. A. 392), *Penniston* v. *Newnan,* 117 *Ga.* 700 (45 S. E. 65), and *Hunt* v. *State,* 19 *Ga. App.* 448 (91 S. E. 879), to show that in some instances courts have held that the necessity of the work was determined by the peculiar circumstances; but we have reached the conclusion that the question propounded by the Court of Appeals, relating solely to the sale of gasoline, should be answered in the affirmative, after consideration of "the present-day use to which automobiles are put." As a matter of common knowledge of which the court will take judicial cognizance, if the law forbade the sale of gasoline on the Sabbath under any and all circumstances, many instances would occur in which the user of the vehicle would be altogether deprived of recreative rest or of himself performing acts of necessity and/or charity. Many would be deprived of taking even an absolutely necessary journey. It will not do to say that gasoline sufficient for a journey might be procured on Saturday, for that might not be the case. The journey undertaken might require more gasoline than the vehicle was prepared to carry, or the most urgent mission of necessity or charity might be stopped by the breakage of the gas line or tank and the loss of gasoline by leakage. We have suggested only a few instances in which a sale of gasoline under the ruling of any of the courts would be held to be a necessity, and it may be that sales would be made which would not measure up to the strictest definition of the word "necessity" as given by the authorities. But in the light of modern-day methods of traveling by automobile, we are of the opinion that our answer must be controlled by the same reasoning as used by this court in *Augusta & Summerville Railroad Co.* v. *Renz,* 55 *Ga.* 127 (4), 128, where Chief Justice Warner said: "In view of the dependence of the people for travel, in the cities where street-railroads have been established, by that mode of conveyance in going to church, visiting the sick, etc., we are not prepared to hold that the running of street-railroads in cities and the vicinity thereof, where the same have been established, on

Sunday, is not a work of necessity as contemplated by the 4579th section of the Code [P. C. § 416], and that it is unlawful to run the same on that day." The running of cars in cities at the time when that decision was rendered (1875), for traveling when going to church, visiting the sick, etc., can not be compared with the importance of operating automobiles in visiting the sick, going to church, etc., at the present time. Not only in the cities but in the rural districts as well, the automobile is used almost altogether as a means of travel, and the same reason that actuated the court speaking through Chief Justice Warner justifies the use of the automobile on the Sabbath day and the sale of gasoline for its operation. An automobile can not be operated without gasoline. The furnishing and sale of gasoline to the traveler or the owner of a car who is using the same for rest, recreation, attending divine worship, or visiting the sick, is a necessity.

*All the Justices concur.*