## 27191. DAFFRON v. THE STATE.

NICHOLS, Justice. Clyde Daffron was tried and convicted in the State Court of Bibb County, Georgia of the offense of violating the Sabbath day "in that the said accused did sell one Arrow Automotive Water Pump to Gordon Bennett." The evidence as stipulated disclosed that the defendant is the owner of a business known as "Tiger Auto Parts" located in Macon, Georgia, and engaged in the business of selling at retail automotive parts and supplies for profit and not for the purpose of charity. It was further stipulated that: ". . . (a) A water pump was purchased by a Mr. Gordon Bennett from 'Tiger Auto Parts,' 4670 Pio Nono Avenue, Macon, Bibb County, Georgia. (b) That said water pump was purchased at 'Tiger Auto Parts' on Sunday, March 14, 1971, and at a time when said business was in operation. (c) That Mr. Gordon Bennett operates a service station at Thomaston Road and Interstate 475, Macon, Georgia. (d) That said water pump was purchased by Mr. Bennett for a customer of his, Mr. Wayne Castell, who was from Gainesville, Florida . . . and who was traveling in interstate commerce at the time the breakdown of his automobile occurred. (e) That said water pump was used by Mr. Bennett to repair the car of Mr. Castell to enable him to continue his journey on said Sunday, March 14, 1971. . . That as a matter of common knowledge an automobile with a water-cooled engine requires a water pump to operate and if the law forbade the sale of said water pump on Sunday, instances would occur in which the owner and user of the vehicle would be altogether deprived of its use for any purpose on that day."

The defendant made various constitutional attacks upon *Code Ann.* § 26-9908 which were overruled by the trial court and which are enumerated as error. *Held:*

In *Williams v. State,* 167 Ga. 160 (144 SE 745, 60 ALR 747), it was held with reference to a prior criminal statute proscribing the same conduct as *Code Ann.* § 26-9908,

that the sale of gasoline "in the light of present day use to which automobiles are put . . . is a work of necessity." The only crime with which the defendant was charged involved the sale of one *water pump* to be used to repair a traveler's automobile. Under the reasoning in *Williams v. State,* supra, the sale of this isolated repair part for a motor vehicle is as much a work of necessity as the ·sale of gasoline to power such a motor vehicle. Accordingly, the defendant's conviction was not authorized and it becomes unnecessary to pass upon the constitutional attacks upon *Code Ann.* § 26-9908 made by the defendant.

> *Judgment reversed. All the Justices concur.*
> SUBMITTED MAY 8, 1972—DECIDED JUNE 15, 1972.

*Adams, O'Neal & Hemingway, Manley F. Brown,* for appellant.

*Clarence H. Clay, Jr., Solicitor, Jim Wooten, Brayton S. Dasher,* for appellee.