27302.   EVANS v. EVANS.

SUBMITTED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972.

*Curtis R. Richardson,* for appellant.

*Rich, Bass, Kidd & Broome, Robert K. Broome, William F. C. Skinner, Jr.,* for appellee.

NICHOLS, Justice. The rule has been long established that Sunday is dies non juridicus in Georgia. See *Cheeseborough Stearns & Co. v. Van Ness,* 12 Ga. 380. For a history of the law relating to business transactions on Sunday, see *Hayden v. Mitchell,* 103 Ga. 431 (30 SE 287). In *Sawyer v. Cargile,* 72 Ga. 290, it was said: "Sunday is dies non juridicus, and service cannot be made, or legal notice given on that day, or the business or work of ordinary callings done." As recently as 1957 this court applied the above principle insofar as legal notice by publication was concerned. See *Gay v. Laurens County,* 213 Ga. 518 (100 SE2d 271), where notice of a local legislative Act was held invalid after notice of such proposed Act was published on a Sunday.

An examination of the above cited cases and those relied

upon show that the designation of Sunday as dies non juridicus results from statutory law. In *Chafin v. Tumlin,* 20 Ga. App. 433 (93 SE 50), the Court of Appeals held that affidavits filed by the plaintiff did not show a "necessity" for the filing and serving the bail trover proceeding on Sunday. In *Sloan v. Smith,* 29 Ga. App. 591 (116 SE 200), it was held that service of an attachment on Sunday was valid where the affidavit showed a necessity for such service and the Code, under such circumstances, permitted such service on Sunday.

In *Sanders v. Johnson,* 29 Ga. 526 (1), it was held: "A note though given on Sunday, and given in a work not of 'necessity or charity', is yet, not within the Act of 1762, for keeping holy the Lord's day, and other purposes, if it be made otherwise than in the exercise of the 'ordinary callings' of the parties to the note." The language of *Code Ann.* § 26-9908, like its predecessors, which are the basis of the holdings of this court that Sunday is dies non juridicus, does not prohibit any work on such day of the week. It prohibits work of ordinary calling and excepts works of necessity or charity. Thus, not only are works of necessity and charity excepted but also works not in the ordinary callings of the parties.

In 1949 the General Assembly provided a method for the legal operation of motion picture theatres, athletic events, games and contests on Sundays (Ga. L. 1949, p. 1007; *Code Ann. Ch.* 106-8). This 1949 Act provides in Section I the public policy of Georgia in respect to such events as follows: "Since motion picture theatres are being operated, and athletic events, games and contests are being held, on Sundays in most of the principal towns and cities of the State, it is hereby declared to be the policy of this State that a method should be provided whereby the citizens of any town or county may provide for the operation or prohibit the operation of motion picture theatres, and for holding of athletic events, games and contests, or for prohibiting the same, on Sundays. Nothing in this Act shall legalize horse or dog racing within the State of Georgia." Accordingly, while the

language contained in *Code Ann.* § 26-9908 has not changed, the public policy, as demonstrated by Acts of the General Assembly, is not as restrictive as when originally enacted, thus showing a change in the public policy of Georgia since the first interpretation of such language by this court over 100 years ago. Again, in 1953, the General Assembly created an additional exemption to new *Code Ann.* § 26-9908 by authorizing the sale of perishable farm products, growing plants and perishable seeds on Sunday. Ga. L. 1953, p. 202 (*Code Ann.* § 5-613).

Just as the public policy of Georgia has changed, as evidenced by the above enactments of the General Assembly, what was or was not a work of necessity or charity 100 years ago may or may not be the same today.

In *Williams v. State,* 167 Ga. 160 (144 SE 745, 60 ALR 747), the determination of whether the sale of gasoline violated such Act was based upon the then (1928) "modern day methods of travel by automobile . . . and in the light of the present day use to which automobiles are put. . ." See also *Daffron v. State,* 229 Ga. 237 (190 SE2d 37).

Based upon the history of the Code section prohibiting on Sunday the works of ordinary calling, the Acts of the General Assembly since its original enactment and the basis of prior determinations of what constituted works of necessity and charity, a decision as to whether service of process under the facts of this case is void must be determined based upon present day standards.

The facts show that the couple had resided in DeKalb County, Georgia, until the separation, that upon the separation taking place the husband left the State, that personal service was perfected upon the husband on a Sunday while he was sojourning in Georgia, that personal service could not have been perfected if not done on that day as the husband was again leaving the State, that if personal service had not been perfected, no judgment for alimony or child support would have been valid except as to property located in Georgia, and therefore to protect the wife and minor child it was "necessary" to serve the defendant husband on

Sunday in this day and time when modern transportation methods permit travel across this great country in mere hours and even to foreign lands in less than a day. Service of process under the undisputed facts in this case was a work of necessity and was not void as violating the provisions of *Code Ann.* § 26-9908.

*Judgment reversed. All the Justices concur.*