39669. HEFFNER v. DUTTON, by Next Friend.

Decided October 11, 1962—
Rehearing denied October 25, 1962.

*Bagwell & Hames, Merritt & Pruitt, James A. Bagwell,* for plaintiff in error.

*Lucio L. Russo, Allen J. Hamner,* contra.

Bell, Judge. The only question to be decided here is whether the plaintiff's petition contains a sufficient prayer for process. The defendant's highly technical argument is that because there

was no express prayer for the issuance of process, the process was issued without authority and was, therefore, void.

Process has been defined as the means whereby a court compels the appearance of the defendant before it or a compliance with its demands. It is necessary in order to give the court jurisdiction of the proceedings brought against the defendant. *Neal-Millard Co. v. Owens*, 115 Ga. 959, 961 (42 SE 266). The only purpose of process is to give the party proper notice of the proceedings and when his appearance will be required, and where that is done, the process has served its purpose. *Gay v. Sylvania Central Railway Co.*, 79 Ga. App. 362 (1), 366 (53 SE2d 713). Furthermore, no technical or formal objections shall be held to invalidate process, and if it conforms substantially to the requirements of the statute and the defendant has notice of the pendency of the cause, it is adequate. *Code* § 81-220. We feel the same principle should apply to the prayer for process which should not be vitiated by such objections. "No technical or formal objections shall invalidate any petition; but if the same shall substantially conform to the requirements of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded, provided a legal cause of action . . . is set forth." *Code* § 81-114.

In the present case process was not only issued but was duly served upon the defendant. While the prayer of the petition did not literally call for process to be *issued*, it did ask that service of process be *perfected* upon the defendant. This, we feel, necessarily included a request for process to be issued. How could it be served upon the defendant if it were not issued? How could it be "perfected" (as prayed) if it were never issued?

While the prayer as to process was not perfect, it was adequate and within the spirit and the purpose of the law. The prayer in the present petition, we think, necessarily included a prayer that process be issued.

The trial court properly denied the motion to vacate the judgment.

*Judgment affirmed. Felton, C. J., and Hall, J., concur*