Buford J. DAY, Jeanette Day, Appellants,

v.

UNITED SECURITIES CORPORATION,
Appellee.

No. 4863.

District of Columbia Court of Appeals.

Submitted Nov. 2, 1970.

Decided Dec. 29, 1970.

Maribeth Halloran, Washington, D. C.,
for appellants.

Bernard T. Levin, Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, and GAL-
LAGHER and PAIR, Associate Judges.

PAIR, Associate Judge:

This appeal is from an order denying a motion to set aside, pursuant to GS Civ. Rule 60(b) (4) and (6),[1] a default judgment.

Entered June 25, 1963, the default judgment was on a complaint for $388.89 representing the amount of a deficiency resulting from the sale, after repossession, of an automobile purchased by appellants on a time basis.

In their motion to set aside the default judgment filed, as it was, October 8, 1968, more than five years after its entry, appellants urged, supported by their affidavit, that they were never served with process in the action and that they had no knowledge either of the institution of the action or the entry of judgment therein against them. They urged further that they had since been informed by their attorney that service of process upon them was attempted on July 9, 1962, by delivering a copy of the complaint and summons to their son who was at that time 15 years of age.

Appellants then represented to the court that their son did not give the complaint and summons to either of them; that because of his age he did not appreciate the importance of the papers which were left with him; and that he was not, therefore, a person of suitable age and discretion for

the purpose of GS Civ. Rule 4(c) (1).[2] Consequently, insisted the appellants, the judgment entered against them June 25, 1963, is void and should for that reason be set aside, to the end that they might have the opportunity to interpose their defenses to the complaint.

The trial court denied the motion and, finding no error, we affirm.

The sole question of substance presented is whether for the purpose of Rule 4(c) (1) delivery of a copy of the complaint and summons to appellants' son, who was then 15 years of age, was sufficient to bring appellants within the jurisdiction of the court. Or, put another way, was appellants' 15-year-old son "per se" a person of suitable age and discretion for the purpose of receiving process?

Substantially the same question was presented and disposed of in Lynch v. Williams, D.C.Mun.App., 162 A.2d 770 (1960). There, as here, copies of the complaint and summons were left with the appellants' 15-year-old son, and this court held that the son was a person of suitable age and discretion for the purpose of Rule 4(c) (1). See also in this connection DeGeorge v. Mandata Poultry Co., 196 F.Supp. 192 (E.D.Pa.1961), where it was held that a 16-year-old girl is "per se" a person of suitable age and discretion for the purpose of receiving process under Rule 4(d) (1)

---

1. Rule 60

   *(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

       *    *    *    *    *

   (4) the judgment is void;

       *    *    *    *    *

   (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than three months after the judgment, order, or proceeding was entered or taken.

2. In pertinent part, Rule 4 provides:

   *(c) Summons: Personal Service.* The summons and complaint shall be served together. Service shall be made as follows:

   (1) Upon an individual, other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

of the Fed.R.Civ.P. To the same effect is Temple v. Norris, 53 Minn. 286, 55 N.W. 133 (1893). There the action was on a complaint to set aside a sale of land on the foreclosure of a mortgage. The contention was that service of process in the proceedings was void because the person served with a copy of the foreclosure notice was appellant's 14-year-old daughter. Appellant alleged that his daughter was wholly unaccustomed to and unfamiliar with business transactions and legal proceedings and was, therefore, not a person of suitable age and discretion within the meaning of a state statute regulating the manner of the service of a summons in a civil action. In disposing of the contention the court pointed out that the statute did not in terms require that the person with whom a copy of the notice is left be accustomed to or familiar with business transactions or legal proceedings, nor did it require that the person be capable of understanding and comprehending the "nature and gravity of the transaction." It required only, the court said, observing that there was no averment in the complaint that appellant's daughter was not of ordinary intelligence, that the person with whom a copy is left be a person of suitable age and discretion.

It cannot be inferred, therefore, that merely because appellants' 15-year-old son, whom they conceded was of average intelligence, was unaccustomed to or unfamiliar with legal proceedings and did not understand the importance of the papers left with him that he was not a person of suitable age and discretion. Temple v. Norris, *supra.* See also Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N.W.2d 800, 804 (1943).

■ Appellants contend next that because they never received from their son a copy of the complaint and summons, the judgment entered against them by default is void. But GS Civ. Rule 4(c) (1) does not require that suit papers be personally served upon a defendant nor does it require a showing that the person with whom they are left gave them over to the defendant. Castro v. Universal Acceptance, Inc., D.C.App., 200 A.2d 202 (1964); Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir. 1957). See also Peterson v. W. Davis & Sons, *supra.*

We hold, therefore, on this record, that delivery of a copy of the complaint and summons to appellants' 15-year-old son satisfied the requirements of GS Civ. Rule 4(c) (1) and was therefore sufficient to bring appellants within the jurisdiction of the court. Smith v. Kincaid, *supra;* Castro v. Universal Acceptance, Inc., *supra.* From this it must follow that the trial court did not err in denying the motion to set aside the judgment on the ground that it is void.

Appellants contend finally that even if the judgment is not void it should have been set aside pursuant to the "any other reason" clause of GS Civ. Rule 60(b) (6), and that the trial court erred in holding that the motion for relief under that clause was not filed within a reasonable time.

■ The allowance or denial of a motion to set aside a default judgment is, of course, a matter committed to the sound discretion of the trial court and since the relief sought is equitable in nature, the court, in exercising its discretion, is required to consider the facts and circumstances of the particular case. Draisner v. Liss Realty Co., 94 U.S.App.D.C. 53, 211 F.2d 808 (1954); Smith v. Kincaid, *supra.*

Here the facts, as alleged by appellants, are not controverted. Following the entry of the default judgment on June 25, 1963, appellant Buford Day "received indirect notice of this judgment through letters sent to his employer by plaintiff beginning in 1963." Appellants were in 1963, when they received notice of the judgment, and at all times thereafter, unable to pay a lawyer and it was not until September 1968 that appellant Buford Day was informed that free legal services were available and was referred to the Neighborhood Legal Services. Appellant Buford Day was then informed that appellee had taken a default

judgment against appellants on June 25, 1963, and that the marshal's return recited that service of process was made by delivering a copy of the complaint and summons to their son, Rudolph Day, on July 12, 1962.

GS Civ. Rule 60(b) (6) provides that, on motion, the trial court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Although a specific time limitation of three months is prescribed for relief under clauses (1), (2), and (3) of Rule 60(b), no such limitation is prescribed for relief under the other three clauses of the rule, and it is required only that the motion be made within a reasonable time.

█ It is now well settled by decisions of this court that to justify relief under clause (6) of Rule 60(b) there must be some other compelling reason not covered by the other clauses of the rule. Smith v. Reese, D.C.App., 221 A.2d 439 (1966); Investment Bankers of America, Inc. v. Schools, D.C.App., 178 A.2d 325 (1962); United States Liability Insurance Co. v. Handy, D.C.Mun.App., 173 A.2d 208 (1961); Lee v. Henry J. Robb, Inc., D.C. Mun.App., 163 A.2d 827 (1960); Hantman v. Zeiger, D.C.Mun.App., 135 A.2d 650 (1957); Allen v. Trivett, D.C.Mun.App., 98 A.2d 787 (1953).

Consequently, relief may be granted under clause (6) of the rule only when, from the total record, extraordinary circumstances are disclosed which excuse the failure to proceed with due diligence to reopen the judgment. Here all that the record discloses is that in 1963, subsequent to the entry of the judgment on June 25, 1963, appellants were informed of its existence, but because of their impecunious circumstances and ignorance of available legal resources they neglected for more than five years to seek relief from the judgment.

In Loucke v. United States, 21 F.R.D. 305 (S.D.N.Y.1957), the court said that impecuniosity, in and of itself, does not constitute an extraordinary circumstance justifying relief under Rule 60(b) (6) of the Fed.R.Civ.P. In this case, therefore, appellants' poverty must be regarded as only one of the factual elements which the trial court was required to consider in the exercise of its discretion. Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir. 1967). Cf. Klapprott v. United States, 336 U.S. 949, 69 S. Ct. 877, 93 L.Ed. 1105 (1949).

When viewed in the light most favorable to the appellants, their uncontroverted allegations establish no more than excusable neglect on the basis of which they were required, pursuant to clause (1) of GS Civ. Rule 60(b), to seek relief not more than three months after the entry of the judgment. Smith v. Reese, *supra*.

█ In this factual setting the conclusion is thus compelled that neither appellants' impecunious circumstances nor their ignorance of available legal resources gave rise to the exceptional or extraordinary situation contemplated by the "any other reason" clause of Rule 60(b). The trial court, therefore, did not abuse its discretion when it denied appellants relief from the judgment.

Affirmed.