### 53665. MAHONE v. MARSHALL FURNITURE COMPANY.

BELL, Chief Judge.

In this suit on open account the summons and complaint were served by leaving a copy at defendant's apartment with a Mary Lue Hankerson. Defendant failed to file a timely answer and a judgment by default was entered. Thereafter defendant filed a motion to set aside the judgment on the ground of lack of personal jurisdiction. In a supporting affidavit defendant averred that Miss Hankerson was the babysitter for defendant's

three minor children and a nonresident of her household. The trial court in denying the motion recited that the babysitter testified at the hearing that she placed the summons and complaint on defendant's dresser and notified defendant of that fact on the day of service. *Held:*

Section 4(d)(7) of the Georgia Civil Practice Act (Code Ann. § 81A-104 (d) (7)) requires, in pertinent part, that the person with whom the copy of the summons and complaint is left at the defendant's dwelling or usual place of abode be "of suitable age and discretion then *residing* therein." As it was uncontradicted that the babysitter was not residing with defendant, there was a failure to obtain lawful service. In the absence of lawful service or waiver, the court lacked jurisdiction over the defendant and the judgment was void. *Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267). The fact that defendant acquired knowledge of the pending suit does not cure the defective service. *Hardwick v. Fry,* 137 Ga. App. 771 (224 SE2d 88).

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED APRIL 4, 1977 — DECIDED MAY 9, 1977.

*Willie Abrams,* for appellant.
*J. Alton Gladin,* for appellee.