## 35444. BENTON v. MODERN FINANCE & INVESTMENT COMPANY.

JORDAN, Justice.

Modern Finance & Investment Company, appellee, filed a complaint in the State Court of Fulton County against Catherine Benton, the appellant, on a promissory note in the amount of $73 plus interest and attorney fees. When the appellant filed no answer within the lawful period, a default judgment was entered against her in the amount of $85.94. Subsequently, the appellant filed a motion to set aside the default judgment which was denied. She appeals.

Following a hearing the trial court found that the

appellant had not been served personally, nor was a person domiciled at her residence served in accordance with Code Ann. § 81A-104 (d) (7); that the appellant did not receive actual notice but that the appellant was served in accordance with Code Ann. § 81A-104 (d) (6) which provides that "If the principal sum involved is less than $200, [service may be perfected] by leaving a copy [of the summons and complaint] at the [defendant's] most notorious place of abode."

The appellant does not contest the trial court's findings of fact but urges that the trial court erred in holding that Code Ann. § 81A-104 (d) (6) does not violate the due process clause of the 14th Amendment to the United States Constitution. For the reasons noted below, we agree with the appellant and reverse the trial court's denial of her motion to set aside the default judgment.

Code Ann. § 81A-160 (d) and (f) provide that a judgment is subject to being set aside at any time by a motion premised upon a lack of jurisdiction over the person. Further, unless a party has waived lawful service of process (which our present appellant has not), such service is essential to give a court jurisdiction over that party's person. *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625 (2) (193 SE2d 852) (1972).

"[T]he constitutional validity of any chosen method [of service] may be defended on the ground that it is in itself reasonably certain to inform those affected . . . or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 315 (1949). "[N]otice is the very bedrock of due process." *Thompson v. Lagerquist*, 232 Ga. 75, 76 (205 SE2d 267) (1974).

As examples of conditions which would not permit notice reasonably certain to inform and which would therefore excuse the use of a form of service falling below this standard, the United States Supreme Court cited "the case of persons missing or unknown." Id. at 317. Yet, Code Ann. § 81A-104 (d) (6) permits its form of service on the sole condition that the principal sum involved in the cause of action be less than $200. Cf. *Pelletier v.*

*Northbrook Garden Apts.*, 233 Ga. 208, 213 (210 SE2d 722) (1974) (held: service by tacking is constitutional in a dispossessory warrant proceeding when neither defendant nor anyone else residing on premises can be located after one trip to the premises).

As the United States Supreme Court expressly noted, "Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties." Id. at 318. Therefore, Code Ann. § 81A-104 (d) (6) conforms to the constitutional dictates of due process only if its form of service is "reasonably certain to inform those affected."

"The mere leaving of copy of suit at the residence of the defendant is not reasonably calculated to apprise him of the pendency of an action against him. He may be absent from such abode for an extended length of time. He may be in the process of moving from one residence to another. The copy may be destroyed by inclement weather, or be removed by other persons." *Womble v. Commercial Credit Corp.*, 231 Ga. 569, 571 (203 SE2d 204) (1974).

Accordingly, we hold that Code Ann. § 81A-104 (d) (6), which authorizes service by leaving a copy at the defendant's most notorious place of abode on the sole condition that the principal sum involved be less than $200, violates the due process clause of the 14th Amendment to the United States Constitution.

*Judgment reversed. All the Justices concur, except Hall and Bowles, JJ., who dissent.*

Argued October 9, 1979 — Decided October 25, 1979.

*William C. Thompson, Steven Gottlieb,* for appellant.
*J. B. McGregor, Arthur K. Bolton, Attorney General,* for appellee.

Hill, Justice, concurring.

Although I concur in the judgment for the reasons stated in the opinion, I believe the objections specified in *Womble v. Commercial Credit Co.*, 231 Ga. 569 (203 SE2d

204) (1974), can be cured by tightly drawn legislation. For example, taping the service copy of the complaint in a marked, waterproof packet high on the door, making it a misdemeanor for a person other than a resident of those premises to remove such marked packet, and duplicating service by return receipt mail could overcome or minimize most of the *Womble* objections. Regarding suits on account, see also *Hall v. State,* 244 Ga. 86 (1979); Code Ann. § 26-1704 (a) (2) (A).