## 62590. TRAMMEL et al. v. NATIONAL BANK OF GEORGIA.

QUILLIAN, Chief Judge.

Appellants appeal from adverse summary judgments in an action on a promissory note and a counterclaim for conversion of certain accessories attached to the truck securing the note.

On October 10, 1979, plaintiff/appellee National Bank of Georgia filed suit against defendants/appellants Robert D. and Kathy J. Trammel for the deficiency of the balance of a promissory note. The collateral for the note, a 1972 Ford pickup truck, had been previously repossessed and sold at a properly advertised public

auction. The appellants had requested that the truck be sold at auction. They had also requested that they be reimbursed for the value of accessories added to the truck by the appellants.

In their answer and counterclaim, appellants raised the defenses of lack of personal jurisdiction, improper service, and partial failure of consideration. They also counterclaimed for the value of accessories added to the truck which were a rear window, six tie downs, bed rails, two rear windows, a locking gas cap, dome lights, racing stripes and mag wheel covers.

After submission of affidavits the plaintiff moved for and was awarded summary judgment on the main action and on the defendant's counterclaim. Defendants appeal. *Held:*

1. The defendants, by affidavit, stated that service was left at their house with their twelve-year-old daughter. They contend that their twelve-year-old daughter is not "a person of suitable age and discretion" as required for alternative service in Code Ann. § 81A-104 (d) (7) (CPA § 4 (d) (7); Ga. L. 1966, pp. 609, 610; as amended through 1980, pp. 1124, 1125). In support of this theory defendants cite numerous statutes which limit the ability of twelve-year-olds to function in society as adults. This court is aware of the instances wherein the law deems a twelve-year-old lacks requisite capacity to perform certain acts. Twelve-year-olds in Georgia cannot vote (Code Ann. § 34-602 (Ga. L. 1964, Extra. Sess., pp. 26, 45; as amended through 1975, p. (803)) or hold title to real estate (Code Ann. § 29-106 (Ga. L. 1966, pp. 192, 291; as amended through 1972, pp. 193, 195)), nor have the requisite mens rea to commit a crime (Code Ann. § 26-701 (CCG § 26-701; Ga. L. 1968, pp. 1249, 1270)), are immune from suit for tort (*Hatch v. O'Neill,* 231 Ga. 446 (202 SE2d 44)), and cannot make a valid will (Code Ann. § 113-203 (Code § 113-203)). See also Code Ann. § 79-208 (Code § 79-208). The above restrictions, however, are not applicable to the case sub judice.

Our Civil Practice Act of 1966 is based on the Federal Rules of Civil Procedure. The Federal Rule was based upon Equity Rule 13 where delivery of the summons was to be made upon "some adult person." 2 Moore's Federal Practice 4-125 Chapter 4.11 [3]. However, the Federal Rule was amended to permit service upon "some person of suitable age and discretion then residing therein" — the same wording adopted by our CPA 4 (d) (7), supra. Under the facts of this case summary judgment for the plaintiff on its complaint was proper unless, as a matter of law, the trial court lacked jurisdiction of the defendant. Thus, the first issue to be decided is whether the defendant's 12-year-old daughter was a person of suitable age and discretion.

Defendants argue that "the fact that the Trammels actually

received the service copies intended for them and thereby gained actual knowledge of the pendency of this suit is irrelevant." We do not agree. "In cases where actual notice of suit has been received by defendant, Rule 4 (d) (1) [Code Ann. § 81A-104 (d) (7)] should be liberally construed to effectuate service." Blackhawk Heating & Plumbing Co., Inc. v. Turner, 50 F.R.D. 144 (Ariz. 1970); Accord: Rovinski v. Rowe, 131 F2d 687, 689 (6th Cir. 1942); Karlsson v. Rabinowitz, 318 F2d 666 (4th Cir. 1963); Nowell v. Nowell, 384 F2d 951 (5th Cir. 1967); Grammenos v. Lemos, 457 F2d 1067 (2d Cir. 1972); 2 Moore's Federal Practice 4-115, Chapter 4.11 [1]. We are aware of those decisions by our court that " '[w]here there has been no service of a suit, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit.' " *American Photocopy &c. v. Lew Deadmore &c.,* 127 Ga. App. 207, 209 (193 SE2d 275). Also, we are in complete agreement that "no case can proceed without service upon the defendant in one of the modes prescribed by law, unless service is waived"(*Carroll v. Muller,* 31 Ga. App. 209 (1) (120 SE 548)), and "the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of or have actual knowledge of the filing of the action." *Radcliffe v. Boyd Motor Lines,* 129 Ga. App. 725, 731 (201 SE2d 4). However, in the instant case the return of service shows, and the contention of plaintiff is, that service was properly made at the home of the defendant, upon a person of suitable age and discretion, and is in a mode prescribed by law. The fact that the defendants received the service from the person served is some indication that that person was of suitable age and discretion and that service was effectuated in such a manner to reasonably accomplish it. See Mullane v. Central Hanover Trust Co., 339 U. S. 306, 315 (70 SC 652, 94 LE 865). Receipt of the service also tends to show the server " 'acted reasonably and diligently in attempting to fulfill the statutory mandate . . .' " Cf. Lavender-Cabellero v. Dept. of Consumer Affairs, City of New York, 458 FSupp. 213, 216 (DC NY 1978).

The Deputy Sheriff was not authorized to leave copy of service and summons on one who was not of suitable age and discretion . . . and in absence of contradictory evidence, was presumed to have performed his duties faithfully and lawfully so as to warrant the court in accepting certificate of service signed by deputy sheriff as proof of personal service upon defendant. *Woods v. Congress Financial Corp.,* 149 Ga. App. 156, 157 (253 SE2d 834); *Bank of Clearwater, Fla. v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16); *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69, 74 (35 SE2d 899). The only evidence that the appellant submits in support of his contention that the daughter of

appellants was not of suitable age and discretion is that she is twelve years old. We refuse to hold as a matter of law that a twelve year old is not "a person of suitable age and discretion." This is a factual matter and the presumption of valid service stands unless rebutted by the party which moves to set aside the service. *Adams v. C & S Nat. Bank*, 132 Ga. App. 622, 623 (2) (208 SE2d 628); *Woods v. Congress Financial Corp.*, 149 Ga. App. 156, 157, supra. Other cases approving service at the dwelling or usual place of abode of the defendant upon minors: DeGeorge v. Mandata Poultry Co., 196 FSupp. 192 (Pa. 1961) (16-yr.-old daughter); Lynch v. Williams, 162 A2d 770 (DC 1960) (15-year-old son); Day v. United Securities Corp., 272 A2d 448 (DC 1970) (15-yr.-old boy); Temple v. Norris, 53 Minn. 286 (55 NW 133) (14-yr.-old); Van Buren v. Glasco, 27 N. C. App. 1 (217 SE2d 579) (15-yr.-old son); Holmen v. Miller, 296 Minn. 99 (206 NW2d 916) (13-yr.-old daughter); see also 4 FRServ. 2d 32 (16-year-old). We find evidence of service of process on a 12-year-old individual residing in the defendant's residence, without more, does not reflect insufficient service of process.

2. Next, appellants contend that the fact that service was made on Sunday renders the service void since Sunday is *dies non jurisdicus. Evans v. Evans*, 229 Ga. 418, 419 (192 SE2d 158); *Sawyer v. Cargile*, 72 Ga. 290, 291. The Supreme Court has held that service on Sunday is proper if it is a necessity. *Evans v. Evans*, 229 Ga. at 420, supra. In 1974 the General Assembly passed "The Common Day of Rest Act of 1974." Ga. L. 1974, p. 186 [hereinafter "Act"] which repealed Ga. Code § 26-9908 in Section 14. Later, in *Rutledge v. Gaylords, Inc.*, 233 Ga. 694, 698, (213 SE2d 626) the Supreme Court held that the provisions of the "Act" which "arbitrarily require certain businesses to close on one of two days are unconstitutional." The remaining provisions of the "Act" withstood the constitutional attack due to the severance clause. *Rutledge v. Gaylords, Inc.*, 233 Ga. at 698, supra. Since Section 14 of the "Act" does not "arbitrarily require certain businesses to close on one of two days" it is still good law and therefore Code Ann. § 26-9908 has been repealed.

Accordingly, as previous holdings of the Georgia Appellate Courts regarding Sunday service found their authority in Code Ann. § 26-9908, (*Evans v. Evans*, 229 Ga. 418, 420, supra), which has been repealed, those holdings are inapposite and service of process made on Sunday is no longer invalid due solely to the fact that it was made on Sunday.

3. The appellants contend that the trial judge erred in granting summary judgment for the appellee on the appellants' counterclaim for the value of the accessories placed on the truck by the appellants.

It is uncontested that the appellants requested that the truck be

sold at a public auction after they voluntarily turned the truck over to the appellee. The appellants asserted in their affidavits that the truck had little or no value at the time of selling other than the accessories that they had added to the truck. The appellants also requested that they be reimbursed for the value of the accessories and this is the amount of their counterclaim.

If the items added to the truck did make it more valuable this increased value would be reflected in the amount received for the truck at the public auction. This amount, including any increased value, due to the added accessories, was offset against the balance of the note as required by law. Therefore, the appellants have received the value of the accessories that they added to the truck through the proceeds of the public sale. Therefore, the trial judge did not err in granting summary judgment for the appellee National Bank of Georgia as to the appellants' counterclaim. See generally, 1 AmJur2d 276, Accession & Confusion § 6.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 8, 1981.

*John K. Dunlap,* for appellants.
*Christopher Bracken,* for appellee.