39783. VILLARUZ v. VAN DIVIERE OIL COMPANY.

PER CURIAM.

This is a complaint in equity to set aside a default judgment under OCGA § 9-11-60 (e) (Code Ann. § 81A-160), notwithstanding the fact that service of process was effected in compliance with OCGA § 9-11-4 (d) (7) (Code Ann. § 81A-104). The superior court refused to set aside the default judgment. We affirm.

The plaintiff herein, Jeanette Villaruz, operated a business in Glynn County known as Jeanette's Amoco and Discount House. The defendant, Van Diviere Oil Co., sold the plaintiff gasoline on consignment. In September of 1979, the plaintiff ceased doing business with the defendant. At this time, the defendant sent the plaintiff a statement of account showing a balance of approximately $15,000 owed.

For nearly three years, the defendant made no effort to collect the alleged debt. However, on June 30, 1982, the defendant filed suit against the plaintiff in the Glynn County Superior Court for $15,118.16. On July 2, service of process was made on the plaintiff's adult son, Jack Wilder, at the plaintiff's home at 2091 Blain Street, Brunswick, Georgia. At the time of service on July 2, the plaintiff was

in New Orleans on a vacation. The plaintiff remained out of town for the following week. Wilder put the summons and complaint in a dresser drawer; he did not inform his mother of it when she returned, because it "slipped my mind."

In October of 1982, the plaintiff learned from a legal advertisement in the Glynn County legal organ that the defendant had obtained a default judgment against her and was in the process of selling her home to collect the judgment. In addition, in October of 1982 she was given notice by certified mail of the defendant's intent to collect its judgment. Approximately five days prior to the foreclosure date in December of 1982, the plaintiff filed this suit seeking to set aside the default judgment and enjoin the foreclosure sale.

The trial judge ruled that the foregoing facts do not constitute grounds in equity for the setting aside of the default judgment. The plaintiff appeals.

1. OCGA § 9-11-4 (d) (7) (Code Ann. § 81A-104) authorized service of the summons and complaint to be made on the defendant in this case "by leaving copies thereof at [her] dwelling or usual place of abode with some person of suitable age and discretion then residing therein . . ."

The record in this case shows that service of process was effected in accordance with the foregoing statutory provision.

2. OCGA § 9-11-60 (e) (Code Ann. § 81A-160) states, in pertinent part: "Complaint in equity may be brought to set aside a judgment for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant . . ."

We agree with the trial judge that the failure of the person served to actually hand over the summons and complaint to the party defendant does not constitute "fraud, accident, or mistake" within the meaning of OCGA § 9-11-60 (e) (Code Ann. § 81A-160).

*Judgment affirmed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED JUNE 22, 1983.

*Edward E. Boshears,* for appellant.
*Ivan H. Nathan,* for appellee.

MARSHALL, Presiding Justice, dissenting.

In this case, it is critical to note the trial judge found that Jeanette Villaruz's son failed to deliver the summons and complaint to her, or to notify her of it, until after the default judgment was rendered. However, the trial judge went on to conclude that this does

not constitute grounds in equity for setting aside the default judgment. Given the trial judge's finding, I must disagree with his conclusion, as a matter of equity and even as a matter of constitutional law.

Substituted service of process on a person of suitable age and discretion residing with the defendant, as opposed to personal service on the defendant, is not uncommon. See 62 AmJur2d 777, Process, §§ 69 et seq., 99 et seq. OCGA § 9-11-4 (d)(7) (Code Ann. § 81A-104), which is the Georgia statutory provision authorizing such service, finds counterparts in the rules of other states and in the federal rules. See Van Buren v. Glasco, 27 N. C. App. 1 (217 SE2d 579, 91 ALR3d 820) (1975); Horn v. Intelectron Corp., 294 FSupp. 1153 (S.D.N.Y. 1968); and Rooks v. American Brass Co., 263 F2d 166 (6th Cir. 1959).

This form of substituted service provides a useful means of obtaining personal jurisdiction over a resident defendant who has absconded from the state or who has kept himself beyond the reach of process servers. However, at least until this court's decision today, the courts have not allowed this form of service to be used as a trap for the unwary. Thus, in those cases in which this form of substituted service was upheld, there was a finding that the person who was actually served delivered the complaint to the defendant or notified the defendant of it. *Trammel v. Nat. Bank of Ga.,* 159 Ga. App. 850 (1) (285 SE2d 590) (1981); *Williams v. Mells,* 138 Ga. App. 60 (225 SE2d 501) (1976). Where the person served did not do this, it has been held that such person was not of suitable age and discretion or did not actually reside with the defendant. *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267) (1974); *Mahone v. Marshall Furniture Co.,* 142 Ga. App. 242 (235 SE2d 672) (1977). Where this form of substituted service was employed and the defendant who did not respond to the complaint did not obtain actual notice of it, it has also been held that the defendant could not set aside the default judgment because of some equitable bar operating against the defendant, i.e., laches. Day v. United Securities Corp., 272 A2d 448 (DCCA 1970).

Where, however, as here, the defendant was not personally served with the complaint, did not receive actual notice of it, and was not chargeable with any conduct barring equitable relief, it has been held that the default judgment should be set aside in equity and the case heard on the merits. Horn v. Intelectron Corp., supra; Rooks v. American Brass Co., supra. Otherwise, we are allowing a plaintiff to hold a defendant liable for a personal-money judgment, notwithstanding that: (1) the defendant was not personally served with process, although there has been no showing that she could not have been; and (2) substituted service of process did not result in the defendant's being given notice and an opportunity to be heard. Prior

cases have given OCGA § 9-11-4 (d) (7) (Code Ann. § 81A-104) a strict construction, on the ground that notice is the very bedrock of due process. *Thompson v. Lagerquist,* supra. See also *Benton v. Modern Finance &c. Co.,* 244 Ga. 533 (261 SE2d 359) (1979); *Pelletier v. Northbrook Garden Apts.,* 233 Ga. 208 (210 SE2d 722) (1974); *Piggly-Wiggly Ga. Co. v. May Investing Corp.,* 189 Ga. 477 (6 SE2d 579, 126 ALR 1465) (1939).

I respectfully dissent, because I think that the majority opinion, contrary to prior Georgia case law, puts a chink in that foundation today.