### 41959. GANT v. GANT.
(327 SE2d 723)

MARSHALL, Presiding Justice.

In the appellee-wife's verified complaint for divorce filed in the Superior Court of Walker County, she alleged that the appellant-husband was a resident of Walker County, Georgia, temporarily residing in Hamilton County, Tennessee, and that he was subject to the jurisdiction of the court. Although the appellee obtained an order directing personal service on the appellant outside the State of Georgia, the appellant was subsequently served personally within Georgia. The appellant made a special appearance in Walker County Superior Court, and filed an answer and a motion to dismiss.

Following the temporary hearing, the trial judge entered a temporary order denying the appellant's motion to dismiss the action for lack of jurisdiction, and providing for property rights, temporary alimony, insurance benefits, and mutual restraining orders. We granted a discretionary appeal from this order.

1. OCGA § 9-10-91, as amended by Ga. L. 1983, p. 1304, provides as follows: "A court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: . . . (5) With respect to proceedings for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph shall not change the residency requirement for filing an action for divorce." The appellant, contending that the evidence shows that he was a resident of Tennessee when this action was filed, argues that the above portion of the Georgia "long arm" statute is violative of the due-process and equal-protection clauses of the 14th

Amendment to the Constitution of the United States.

" 'It is well settled that "(T)his court will not pass upon the constitutionality of a statute unless it *clearly* appears that the point was properly raised in the trial court *and passed on. Tant v. State,* 226 Ga. 761 (177 SE2d 484) (1970)." *Thornton v. State,* 234 Ga. 480 (216 SE2d 330) (1975).' [Emphasis in original.] *Alexander v. State,* 239 Ga. 810 (239 SE2d 18) (1977)." *Hardison v. Haslam,* 250 Ga. 59, 61 (3) (295 SE2d 830) (1982). Neither in his answer nor in his motion to dismiss did the appellant raise the issue of the constitutionality of the statute. During the temporary hearing for the first time, he argued it orally. We hold that the issue was not properly raised by mere oral argument.

Moreover, even if the constitutional issue was properly raised and passed on in the court below, it is not necessary that this court pass on it. The evidence shows that, regardless of his residency status, the appellant was personally served while within the State of Georgia, and this court has upheld the constitutionality of Code Ann. § 15-202 (now OCGA § 50-2-21)[1], which provides for personal jurisdiction based solely upon service of process within the forum. *Humphrey v. Langford,* 246 Ga. 732 (273 SE2d 22) (1980). Furthermore, the denial of the appellant's motion to dismiss could have been based upon a finding that the appellant was a Georgia resident, which finding would be authorized by evidence adduced at the temporary hearing.

2. The appellant contends that the summons and process was insufficient because it bore the caption "State Court of Walker, State of Georgia."

Although the answer and motion to dismiss urged that "The complaint should be dismissed for lack of proper return of service and insufficiency of process" pursuant to OCGA § 9-11-12 (b), no particulars appear, either therein or in the appellant's oral argument during the temporary hearing or at any other time.

Even assuming that the issue was properly raised, however, it is clear from a consideration of the entire record that this inadvertent mislabeling of the form summons in no way operated to prejudice the appellant or otherwise deprive him of the notice to which he was entitled by law. Although the summons bore the caption "State Court of Walker [County]," it was otherwise regular on its face in the following particulars: (1) It was signed by the Clerk of Walker Superior Court; (2) It gave the appellant the statutory 30-day period in which to file an answer; and (3) It was assigned a superior court civil action file number. Additionally, the complaint was styled with the caption of

---

[1] "The jurisdiction of this state and its laws extend [sic] to all persons while within its limits, whether as citizens, denizens, or temporary sojourners."

Walker Superior Court and bore the same civil action file number as the summons. The order authorizing personal service outside the state also bore a Walker Superior Court caption and file number, was signed by a superior court judge of the judicial circuit in which Walker County is included, and was personally served on the appellant.

The appellant obviously recognized these facts and acknowledged them by filing his answer and motion to dismiss in Walker Superior Court, rather than the State Court of Walker County. He cites no authority in support of his contention except OCGA § 9-11-4 (b), which refers only to the issuance of a summons. No argument or authority is presented in support of the claim that the return of service was improper. Where a process contained a blank where the name of the issuing court should have been, this court has held that such a process was sufficient, and was not misleading notwithstanding that the clerk of the superior court in that case was also the clerk of the county court, especially where there was no requirement that the defendant therein appear at the county court and where the process "bore teste in the name of the Judge of the Superior Court." *Ga. S. & F. R. Co. v. Pritchard*, 123 Ga. 320 (2) (51 SE 424) (1905). " 'In cases where actual notice of suit has been received by defendant, Rule 4 (d) (1) (Code Ann. § 81A-104 (d) (7)) [OCGA § 9-11-4 (d) (7)] should be liberally construed to effectuate service.' [Cits.]" *Trammel v. Nat. Bank of Ga.*, 159 Ga. App. 850, 852 (285 SE2d 590) (1981).

3. Finally, the appellant contends that the trial court erred in failing to make appropriate findings of fact and conclusions of law as required by OCGA § 9-11-52 (a). However, "a final order signed on behalf of both parties 'Approved as to form' has been held to constitute a valid waiver" of this requirement. *Rude v. Rude*, 241 Ga. 454, 455 (1) (246 SE2d 311) (1978) and cit. The order here was so signed.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 2, 1985.

*William Ralph Hill, Jr.,* for appellant.
*Christopher A. Townley,* for appellee.