508 So.2d 738 (1987)
William E. BURTCHAELL a/K/a William E. Burchell, Appellant,
v.
Lynn T. HOFFMAN F/K/a Laura Lynn Thomas, Appellee.
No. 86-1749.
District Court of Appeal of Florida, Fifth District.
May 28, 1987.
Rehearing Denied June 24, 1987.
Jeffrey C. Regan, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellant.
Thomas R. Ray, of Caven, Clark & Ray, P.A., Jacksonville, for appellee.
SHARP, Judge.
Burtchaell appeals from a Florida judgment enforcing a Georgia judgment. He defended the enforcement suit on the ground[1] that the judgment was void because the Georgia court lacked personal jurisdiction due to defective service of process.[2] We agree and reverse.
The return of service indicates that a Georgia deputy served process on Pat DiVella, a girlfriend, at Burtchaell's usual place of abode in Georgia, while he was a resident in that state. She did not recall being served, and she never told Burtchaell about being served or handed some papers. Burtchaell never learned of the suit until enforcement of the Georgia default judgment was sought in Florida some years later.
The relevant portion of the Georgia statute providing for substitute service of process, 9-11-4(d)(7), permits personal service "by leaving copies thereof at [a party's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. ..." (Emphasis added).[3] However, the record in this case establishes that Pat DiVella was not residing at Burtchaell's apartment at the time she was served on his behalf. Instead, her testimony revealed she held a job in St. Petersburg, Florida, and was then residing with her sister in that state. She was dating Burtchaell and during a nineteen month period, she would visit him, staying a few days at a time and at most a week.
We do not think an occasional visitor qualifies under the Georgia statute as *739 a resident for purposes of substitute personal service of process.[4] Georgia appellate courts have upheld service on friends or relatives not residing at a party's residence where the evidence showed the person served actually gave the papers to the proper party. Sanders v. Johnson, 181 Ga. App. 39, 351 S.E.2d 216 (1986); Brim v. Pruitt, 178 Ga. App. 321, 342 S.E.2d 690 (1986). However, in the instant case there is no evidence indicating appellant actually received the service papers from Pat DiVella.[5]
REVERSED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Burtchaell challenged the Georgia judgment on other grounds also, but we do not reach them because of our conclusion that the judgment is fundamentally flawed for lack of personal jurisdiction.
[2] Trauger v. A.J. Spagnol Lumber Co., Inc., 442 So.2d 182 (Fla. 1983).
[3] This is similar to Florida's statute which provides for service "by leaving the copies at his usual place of abode with any person residing therein ..." § 48.031(1), Fla. Stat. (1985).
[4] Georgia courts have invalidated service on a maid, Thompson v. Lagerquist, 232 Ga. 75, 205 S.E.2d 267 (1974); as well as a babysitter, Mahone v. Marshall Furniture Co., 142 Ga. App. 242, 235 S.E.2d 672 (1977); cf. Williams v. Mells, 138 Ga. App. 60, 225 S.E.2d 501 (1976) whereby Georgia appellate court upheld service upon an "adult boarder."
[5] In the context of giving Full Faith and Credit to an out of state judgment (U.S. CONST. art. IV, § 1), the proper test for the validity of the foreign judgment is compliance with the rendering state's statutes and case law regarding personal service and due process. See Einhorn v. Home State Savings Ass'n, 256 So.2d 57 (Fla. 4th DCA 1971); Milligan v. Wilson, 107 So.2d 773 (Fla. 2d DCA 1958) and cases cited therein.