**Esther O'SELL, Respondent,**

v.

**James C. PETERSON, Appellant.**

No. C7–98–2315.

Court of Appeals of Minnesota.

June 29, 1999.

Susan Richard Nelson, Wendy J. Zeller, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, for respondent.

Gary T. LaFleur, Babcock, Locher, Neilson & Mannella, Anoka, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, KALITOWSKI, Judge, and SHORT, Judge.

## OPINION

SHORT, Judge.

In this pre-trial appeal, James C. Peterson argues the trial court erred by denying his motion to dismiss for defective service of process. On appeal from an order denying his motion, Peterson argues his stepson was not a person "then residing therein" under Rule 4.03(a) of the Minnesota Rules of Civil Procedure. In the alternative, Peterson argues he is entitled to a jury trial on the question of his stepson's residence.

## FACTS

Esther O'Sell sued James C. Peterson for assault, battery, false imprisonment, intentional infliction of emotional distress, and negligence. On June 24, 1998, the Sherburne County Deputy Sheriff, acting as process server, left the summons and complaint, in Peterson's absence, with his 14–year–old stepson at Peterson's home. Although Peterson's stepson usually resides in Iowa with his custodial parent, he was staying, during a regular and planned visitation, with Peterson from June 21 to June 26, 1998. On June 24, Peterson received O'Sell's summons and complaint.

## ISSUE

Does a 14–year–old, staying at a house during a regular and planned non-custodial visitation, "then reside therein" for purposes of service of process?

## ANALYSIS

Denial of a motion to dismiss for ineffective service of process is appealable as a matter of right. *Hunt v. Nevada State Bank*, 285 Minn. 77, 88–89, 172 N.W.2d 292, 299–300 (1969). The construction of a court rule and the determination of whether service is proper are questions of law, subject to de novo review. *See Stoebe v. Merastar Ins. Co.*, 554 N.W.2d 733, 735 (Minn.1996) (examining rule of civil procedure under de novo standard); *McBride v. Bitner*, 310 N.W.2d 558,

561–63 (Minn.1981) (examining whether service proper under de novo standard).

■ A civil action is commenced against an individual when a summons is served on that individual personally or by leaving a copy at the "individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 3.01(a) and 4.03(a); *see* 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* §§ 3.3, 4.9 (1998) (discussing commencement of action and service of process); *cf.* Fed.R.Civ.P. 4(e)(2) (defining federal rule for service of process). Service in a manner not authorized by a rule or statute is ineffective. *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn.1997). But substantial compliance combined with actual notice will subject an individual to personal jurisdiction. *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn.1988); *see Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App.1992) (applying this rule to service on a corporation), *review denied* (Minn. July 16, 1992). We are asked to determine whether leaving a summons and complaint with a 14–year–old child staying at a home for a six-day, non-custodial visitation is sufficient for substitute service of process on an individual.

■ Peterson argues his stepson is a resident of Iowa and his brief visit to Minnesota does not qualify as "then residing therein" under Rule 4.03(a). *See Firemen's Ins. Co. v. Viktora*, 318 N.W.2d 704, 706–07 (Minn.1982) (analyzing "residency in a household" in no-fault context); *Grier v. Estate of Grier*, 252 Minn. 143, 147, 89 N.W.2d 398, 402 (1958) (holding "residence" means legal residence for will probate). But for service of process, "residence" means "something more than mere physical presence and something less than domicile." *Black's Law Dictionary* 1308–09 (6th ed.1990) (defining residence, distinguishing residence from domicile, and defining "reside" as to "[l]ive, dwell, abide, sojourn, stay, remain, lodge"); *see also Chapman v. Davis*, 233 Minn. 62, 69, 45

N.W.2d 822, 826 (1951) (concluding "actual residence" is less permanent than domicile but more than mere temporary abode for purposes of 1941 Safety Responsibility Act); 4A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1096, at 81(2d ed.1987) (stating recipient must be actually living with defendant and not just be visitor).

■ Service of process is intended to give notice to a defendant and, thus, service of process must be reasonably calculated to reach the defendant. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (stating "due process [requires] * * * notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *Minnesota Mining & Mfg. Co. v. Kirkevold*, 87 F.R.D. 317, 324 (D.Minn.1980) (stating purpose of service of process rules is to make likely that actual notice be brought to defendant). In deciding whether an individual is "then residing therein" for purposes of service of process, there must be a nexus between the individual and the defendant that establishes some reasonable assurance that notice would reach the defendant. For example, a relationship of confidence, including but not limited to a familial relationship, may establish a nexus and support the conclusion that notice would reach the defendant. *See Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir.1967) (distinguishing nexus between tenant and landlord from absence of nexus between tenants in same building); *Thompson v. Butler*, 214 Iowa 1123, 243 N.W. 164, 167 (1932) (noting service on servant may be valid due to relationship of confidence or personal interest); *Plushner v. Mills*, 429 A.2d 444, 446 (R.I.1981) (concluding service on defendant's daughter was valid because she was trusted member of household and had substantial nexus with defendant). In addition, the duration of an individual's presence, the frequency of the presence, or the

intent to return may also establish nexus between the individual and defendant. *See Sangmeister v. McElnea*, 278 So.2d 675, 676–77 (Fla.Dist.Ct.App.1973) (stating one who resides or visits home of relative for sufficient period of time may reside therein); *Holtberg v. Bommersbach*, 236 Minn. 335, 338, 52 N.W.2d 766, 768 (1952) (concluding intent to return may be of "extreme importance" in determining place of abode); 4A Wright and Miller, *Federal Practice & Procedure* § 1096, at 81 (stating service on employee who spends only part of his time at defendant's residence is likely defective). Finally, evidence that the service actually reached the intended person strongly supports a conclusion that service is valid because due process has been afforded. *See Minnesota Mining and Mfg.*, 87 F.R.D. at 323 (stating rules governing service should be liberally construed to uphold substituted service when prompt actual notice occurs); *Larson v. Hendrickson*, 394 N.W.2d 524, 526 (Minn. App.1986) (stating actual notice contributed to finding service was effective).

■ Here, the deputy sheriff of Sherburne County attempted service at Peterson's home on June 24, 1998. When told that Peterson was not home, the deputy sheriff delivered the summons and complaint to Peterson's 14–year–old stepson who was at Peterson's home on a six-day, non-custodial visitation. For the past four to five years, Peterson's stepson stayed at the Peterson residence every other weekend for one or two days, and up to two weeks per visit. During his regular stays at the Peterson residence, the stepson slept there every night, ate most of his meals there, had day-to-day contact with Peterson, intended to regularly return, and admitted he "live[ed] there at the time." Moreover, on the day of service, Peterson received the summons and com-

plaint from his stepson. We conclude substitute service on a 14–year–old child, who was a member of the household during regular and planned non-custodial visitation stays, is sufficient for purposes of Rule 4.03(a).

Our conclusion is supported by decisions from foreign jurisdictions. *See Franklin America, Inc. v. Franklin Cast Prods., Inc.*, 94 F.R.D. 645, 647 (E.D.Mich.1982) (holding housekeeper did not reside therein); *M. Lowenstein & Sons, Inc. v. Austin*, 430 F.Supp. 844, 845 (S.D.N.Y.1977) (stating adult daughter home from college overnight was residing at her parents' home); *Zuckerman v. McCulley*, 7 F.R.D. 739, 743 (E.D.Mo.1947) (holding janitor working in house during day did not reside therein), *appeal dismissed*, 170 F.2d 1015 (1948); *Magazine v. Bedoya*, 475 So.2d 1035, 1035–36 (Fla.Dist.Ct.App.1985) (concluding mother-in-law, who was visiting defendant for six weeks and told process server she lived there, was residing therein); *Sangmeister*, 278 So.2d at 676–77 (holding four-month visitor was residing therein); *Mahone v. Marshall Furniture Co.*, 142 Ga.App. 242, 235 S.E.2d 672, 673 (1977) (holding babysitter was not residing therein); *Plushner*, 429 A.2d at 446 (concluding daughter placed in charge of father's home in his absence was residing therein); *Wichert v. Cardwell*, 117 Wash.2d 148, 812 P.2d 858, 860 (1991) (holding daughter watching parents' home and staying overnight met residing requirement). *But see Cleaves v. Funk*, 76 F.2d 828, 829–30 (10th Cir.1935) (requiring permanancy of residence); *Burtchaell v. Hoffman*, 508 So.2d 738, 738–39 (Fla.Dist. Ct.App.1987) (concluding girlfriend from another state occasionally visiting for few days to week not residing therein); *Gamboa v. Jones*, 455 So.2d 613, 614 (Fla.Dist. Ct.App.1984) (holding ten-day visitor not residing therein).

## DECISION

Peterson's 14–year–old stepson, who was staying in Peterson's usual place of abode during a regular and planned non-custodial visitation, was "then residing therein" for purposes of service of process under Minn. R. Civ. P. 4.03(a).

**Affirmed.**